UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAX ANALYSTS,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

Civil Action No. 96-2285 (CKK)

**FILED**

MAR 3 1 2000

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
**(Defendant's Motion to Dismiss)**

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff Tax Analysts is seeking disclosure of six categories of documents prepared by the Internal Revenue Service ("IRS"): Legal Memoranda ("LMs"), Litigation Guideline Memoranda ("LGMs"), Tax Litigation Bulletins ("TLBs"), Technical Assistances ("TAs"), Field Service Advice Monthly Reports ("FSA Reports"), and Pending Issue Reports ("PIRs"). Plaintiff contends that these documents should be available to the general public because they form an integral part of the IRS's "working law." In the spring of 1998, after an extended period of discovery, the parties filed cross-motions for summary judgment. Several months later, Plaintiff sought leave to amend its complaint to include documents outside the time period of its original FOIA request, and to ensure that IRS complies with section 3509 of the Internal Revenue Service Reform and Restructuring Act of 1998 ("IRSRRA"), Pub. L. 105-206, 112 Stat. 685, 772 (codified as I.R.C. § 6110 (West Supp. 1999)). In May, 1999, Plaintiff filed a supplemental motion for partial summary judgment in response to two intervening events: IRS's submission of certain contested documents for *in camera* review and a decision by this Court on remand from the Court of

Appeals in the so-called "FSA case," *Tax Analysts v. IRS*, Civil Action No. 94-923 (GK). Finally, in July, 1999, IRS moved to dismiss those portions of the complaint pertaining to LGMs, TLBs, and TAs to the field on the grounds that IRSRRA divests this Court of subject matter jurisdiction over these claims. Because IRS's motion to dismiss implicates the Court's subject matter jurisdiction, the Court must consider it before turning to the earlier-filed motions. *See, e.g., Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998). For the reasons stated below, the motion to dismiss shall be granted in full.

## I. BACKGROUND

Section 6110 of the Internal Revenue Code provides generally that "[e]xcept as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe." I.R.C. § 6110(a) (West Supp. 1999). Section 6110 establishes a comprehensive scheme for resolution of disputes relating to disclosure of such documents. *See* I.R.C. § 6110(f) (West Supp. 1999). This scheme is the exclusive remedy for persons aggrieved by the IRS's compliance with section 6110's mandate. *See* I.R.C. § 6110(m) (West Supp. 1999) (formerly § 6110(*l*) (West 1989)); *see also Church of Scientology of Calif. v. Internal Revenue Svc.*, 792 F.2d 146, 149 (D.C. Cir. 1986) (noting that § 6110 supplants FOIA for documents covered by that section); *Conway v. United States Internal Revenue Svc.*, 447 F. Supp. 1128, 1131 (D.D.C. 1978) (finding that the legislative history of § 6110 demonstrates that Congress intended for it to replace FOIA).

The IRSRRA left this basic framework intact, but significantly expanded its reach. Prior to the enactment of the IRSRRA, the term "written determination" encompassed rulings,

determination letters, and technical advice memoranda. *See* I.R.C. § 6110(b)(1) (West 1989). Section 3509(a) of the IRSRRA amended this definition by adding a new category of documents to the list: Chief Counsel advice. *See* IRSRRA § 3509(a) (codified as I.R.C. § 6110(b)(1) (West Supp. 1999)). IRS contends, and Plaintiff does not dispute, that this newly created category of advice includes LGMs, TLBs, and TAs to the field. *See* I.R.C. § 6110(i)(1) (West Supp. 1999) (Chief Counsel advice defined); Pl.'s Opp'n to Def.'s Mot. Dismiss at 3 (agreeing that Chief Counsel advice includes LGMs, TLBs and TAs to the field).

## II. DISCUSSION

The question presented by the IRS's motion to dismiss is whether the enactment of IRSRRA divests this Court of jurisdiction over Plaintiff's pre-IRSRRA FOIA claims to the extent that those claims seek disclosure of Chief Counsel advice. In order to determine whether a new federal statute should be applied to pending cases, the Supreme Court has developed the following test:

> To answer this question, we ask first "whether Congress has expressly prescribed the statute's proper reach." If there is no congressional directive on the temporal reach of a statute, we determine whether the application of the statute to the conduct at issue would result in a retroactive effect. If so, then in keeping with our "traditional presumption" against retroactivity, we presume that the statute does not apply to that conduct.

*Martin v. Hadix*, 527 U.S. 343, 119 S. Ct. 1998, 2003 (1999) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994)) (internal citations omitted).[1]

---

[1] The General Savings Statute, 1 U.S.C.A. § 109 (West 1997), repealed the old common-law rule that "statutes that merely *removed* a burden on private rights by repealing a penal provision (whether criminal or civil); . . . were understood to preclude punishment for acts antedating the appeal." *Landgraf*, 551 U.S. at 271 (noting that § 109 repealed the common-law rule); *see also Warden v. Marrero*, 417 U.S. 653, 659 (1974) (discussing purpose of § 109).

Although the text of section 6110 is silent as to its application to pending cases, the IRSRRA's legislative history demonstrates congressional intent that the IRSRRA apply to all pending requests for Chief Counsel advice unless a court has already ordered disclosure.[2] In a section titled "Relation to present law," the House of Representatives Conference Report ("Report") states in relevant part that

> The public inspection of Chief Counsel Advice is to be accomplished only pursuant to the rules and procedures set forth in section 6110, as amended, and not under those of any other provision of law, such as FOIA. . . . The timetable and manner in which existing Chief Counsel Advice may ultimately be open to public inspection shall be governed by this provision, except that the provision is inapplicable to Chief Counsel Advice that any federal district court has, prior to the date of enactment, ordered be disclosed. Disclosure of any documents that are subject to such a court order is to proceed pursuant to the order rather than this provision.

H.R. Conf. Rep. No. 105-599, at 302 (1998). This passage clearly reflects Congress's intent to halt existing FOIA cases so that the IRS can disclose Chief Counsel advice in an orderly manner.

---

Neither party was able to provide the Court with a case that directly addresses the relationship between this statute and the *Landgraf* line of caselaw, but it appears *Landgraf* applies here because FOIA does not create a burden on private rights.

[2] As the Eleventh Circuit has noted, "[t]here appears to be a conflict among the circuits, and even within some circuits, about whether *Landgraf*'s first step can be satisfied by evidence of legislative intent other than an express statutory command." *Hunter v. United States*, 101 F.3d 1565, 1569 (11th Cir. 1996) (citing cases). The D.C. Circuit does not appear to have had the occasion to consider this question directly, but its approach in certain cases suggests that congressional intent can be gleaned from the legislative history. *See, e.g., Brown v. Secretary of the Army*, 78 F.3d 645, 648 (D.C. Cir. 1996) (beginning its *Landgraf* analysis by noting that "[n]othing in either the text or the legislative history of the 1991 Civil Rights Act indicates that the Congress intended the entire Act to apply retroactively"). Moreover, *Landgraf* itself stresses the importance of ascertaining congressional intent, without any suggestion that this inquiry should be limited to the text of the statute. *See, e.g., Landgraf*, 511 U.S. at 272 ("Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application"). Finally, the Court notes that the Plaintiff has not objected to the IRS's exclusive reliance on the legislative history of the IRSRRA.

*See also* IRSRRA § 3509(d)(2) (setting forth a schedule for phased release of these documents). The Report explicitly exempts cases with existing court orders from the otherwise sweeping scope of its edict that the IRSRRA shall govern release of all existing Chief Counsel advice. Where, as here, Congress has carved out a single exception to a rule, the Court must infer that Congress meant the rule to apply in all other situations. The Court finds that legislative history of the IRSRRA clearly reflects Congress's intention that this new regime would be the exclusive means of challenging the IRS's compliance with the statutory mandate to release Chief Counsel advice gradually.

Plaintiff does not directly dispute the import of this legislative history. Selectively ignoring the pivotal passage in the Report, Plaintiff contends instead that the IRSRRA should not apply retroactively because it would impair Plaintiff's right to recover attorney's fees. *See* 5 U.S.C. § 552(a)(4)(E) (providing that "[t]he court may assess against the United States reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."). Even if the legislative history were silent on the question of retroactivity, however, the Court finds in the alternative that application of the IRSRRA to Plaintiff would not have an impermissible retroactive effect because it does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Landgraf*, 511 U.S. at 280. As was the case with the original version of section 6110, the IRSRRA actually "affirms the availability to the public of IRS written determinations." *Grenier v. United States Internal Revenue Svc.*, 449 F. Supp. 834, 841 (D. Md. 1978) (reasoning, in dicta, that retroactive application of the original version of § 6110 to case pending prior to enactment would not have

an impermissible retroactive effect). Like the original version of section 6110, the IRSRRA "merely alters the procedures for obtaining disclosure." *Id.* FOIA never guaranteed that complainants could recover attorney's fees; in this Circuit, a complainant is so entitled only if it is both "eligible" and "entitled." *Chesapeake Bay Foundation, Inc. v. United States Dep't of Agriculture*, 11 F.3d 211, 216 (D.C. Cir. 1993). The discretionary nature of both the eligibility test and the entitlement test militate against viewing attorney's fees as either a substantive right or a settled expectation under FOIA.[3]

In light of the Court's conclusion that the IRSRRA divests the Court of jurisdiction to hear FOIA claims concerning LGMs, TLBs, and TAs to the field, the only remaining question is whether the IRS is correct that Plaintiff's FOIA request for Chief Counsel advice was limited to documents now covered by section 6110. Plaintiff contends that its FOIA request was broader than section 6110, therefore portions of its FOIA claims as to Chief Counsel advice survive the IRS's motion to dismiss.[4] In particular, Plaintiff maintains that it requested the following documents that are not covered by the IRSRRA: pre-1986 LGMs and TLBs, and intra-national office TAs. *See* Pl.'s Opp'n to Def.'s Mot. to Dismiss at 14-15. By its silence, the IRS concedes

---

[3] The Supreme Court's decision in *Martin v. Hadix*, 527 U.S. 343, 119 S. Ct. 1998 (1999) is not to the contrary. First, the *Martin* Court found that there was no evidence in either the language or legislative history of the PLRA that Congress intended to prescribe the temporal reach of the statute. *See Martin*, 119 S. Ct. at 2003-06. Second, the plaintiff's entitlement to attorney's fees had been conclusively established almost ten years before Congress passed the PLRA, *see id.* at 2001, therefore the Court found that the attorneys had a reasonable expectation that the work they performed prior to the enactment of the PLRA would be compensated at the rates provided by the stipulated order, *see id.* at 2006.

[4] Of course, Plaintiff's FOIA claims are unaffected by the IRSRRA to the extent that they pertain to documents other than Chief Counsel advice.

that intra-national office TAs are not covered by the motion to dismiss. *See generally* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss. With respect to pre-1986 TLBs, the IRS has always construed Plaintiff's request as those documents issued since October 1, 1991. *See* Def.'s Reply (attached letter from C. Field to W. Dobrovir). Plaintiff never objected to this construction of its request, therefore the Court shall deem this argument waived. As for the pre-1986 LGMs, they are not covered by the IRSRRA and the Court cannot, on the slim record presented by the motion to dismiss, conclude that these documents either do not exist or were not covered by Plaintiff's FOIA request.

### III. CONCLUSION

For the foregoing reasons, the Court shall grant IRS's motion to dismiss, which means that the Court must dismiss those portions of Plaintiff's complaint that pertain to TAs to the field, TLBs, and post-1985 LGMs for lack of subject matter jurisdiction. An order accompanies this memorandum opinion.

March 31, 2000

                                                   COLLEEN KOLLAR-KOTELLY
                                                   United States District Judge

Copies to:

David A. Hubbert
J. Brian Ferrel
David M. Katinsky
Jason S. Zarin
U.S. Department of Justice, Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

William A. Dobrovir
65 Culpeper Street, Suite 102
Warrenton, VA 20186-3305