UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAX ANALYSTS,
    Plaintiff,

     v.

INTERNAL REVENUE SERVICE,
    Defendant.

Civil Action No. 96-2285 (CKK)

**MEMORANDUM OPINION**
(February 7, 2007)

Plaintiff, Tax Analysts, filed a [147] Consent Motion for *In Camera* Inspection of 34[1]

Tax Assistance Memoranda ("TAs") to Program Managers over which Defendant, the Internal

Revenue Service ("IRS"), asserts the deliberative process privilege pursuant to Exemption 5 of

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5).  The Court granted Plaintiff's

Consent Motion on June 20, 2003.  While Defendant did not contest Plaintiff's Motion for *In*

*Camera* Inspection, Plaintiff's Consent Motion followed Plaintiff's earlier-filed [144] Motion to

Compel Defendant Internal Revenue Service ("IRS") to Complete Outstanding Obligations in

this Case, which had been fully briefed and is technically still the operative motion in this case.

Defendant filed a *Vaughn* index on July 10, 2003, concerning 242 documents withheld pursuant

to FOIA's Exemption 5 on deliberative process privilege grounds.  Plaintiff contests Defendant's

withholding of 34 of these 242 documents, which the Court now reviews *in camera* pursuant to

the guidelines set forth and applied by this Court in prior opinions and affirmed by the United

States Court of Appeals for the District of Columbia.  After careful review of the 34 contested

---

[1] While Plaintiff's [147] Motion requested *in camera* inspection of 35 documents, the Court notes that one of the documents was listed twice. *See* Pl.'s Mot. at 5. *See also infra* n.5.

documents, the Court shall GRANT IN PART and DENY IN PART Plaintiff's [144] Motion to

Compel Defendant Internal Revenue Service ("IRS") to Complete Outstanding Obligations in

this Case.

## I: BACKGROUND

The voluminous record and lengthy history of this case will be recounted here only as

necessary to address the matter currently pending.[2]  On October 2, 1996, Plaintiff, Tax Analysts,

filed a FOIA suit seeking, among other things, disclosure of TAs from the Defendant.  As a result

of an agreement by the Parties, an intervening act of Congress,[3] four memorandum opinions and

orders of this Court, and a decision by the D.C. Circuit,[4] the only issue that remains is whether

the 34 TAs to Program Managers submitted to the Court for *in camera* review have been

rightfully withheld by Defendant or should be released to Plaintiff.

After the United States Court of Appeals for the District of Columbia issued its opinion

in the instant matter, *see Tax Analysts*, 294 F.3d 71, the Parties filed a [142] Joint Status Report

on December 11, 2002, at the Court's request.  The Parties indicated that 1) only two documents

remained at issue on remand (under Exemption 7(E)), and "the parties are hopeful that this case

might be resolved after the Service makes its disclosures of these two documents[]"; and 2) that

---

[2]  The Court requested documents from the Clerk's Office Archives in order to address the instant matter, which it did not receive until January of 2007 after an extremely lengthy delay, such that resolution of the pending Motion was stalled.  The documents at issue are not available on ECF.

[3]  Internal Revenue Service Reform and Restructuring Act of 1998 ("IRSRRA"), Pub. L. No. 105-206, 112 Stat. 685, 772 (codified as I.R.C. § 6110 (West Supp. 1999)).  In relevant part, the IRSRRA curtails the Court's jurisdiction over TAs pertaining to Tax Litigation Bulletins and TAs "to the field."

[4]  *Tax Analysts v. IRS*, 294 F.3d 71 (D.C. Cir. 2002).

243 Program Manager TAs "of the type that must be disclosed per the decision of the Court of Appeals" were under review by the Disclosure Function of the Office of the Chief Counsel such that "[a]nalysis of these Program Manager TAs is expected to be completed by January 31, 2003, with disclosure occurring shortly thereafter."  Joint Status Report at 1, 2.

Absent any filings by the Parties, on May 19, 2003, the Court issued an [143] Order "that this matter shall be DISMISSED WITH PREJUDICE on May 23, 2003, unless the Court hears from the parties that a briefing schedule is necessary."  [143] Order at 1.

On May 21, 2003, Plaintiff filed the motion at issue, Plaintiff's [144] Motion to Compel Defendant Internal Revenue Service ("IRS") to Complete Outstanding Obligations in this Case (hereinafter, "Motion to Compel").  In Plaintiff's Motion to Compel, Plaintiff indicated that Defendant had failed to comply with the Court Order of May 21, 2001, which states that "Defendant shall provide Plaintiff with a list of all the TAs it continues to withhold, specifying for each the basis or bases for withholding, and demonstrating its application of the Court's legal holdings in its Orders."  *See* [136] Order at 1-2; Pl.'s Mot. to Compel at 1-2.  Plaintiff also indicated that as of the time of Plaintiff's Motion, Plaintiff had not received a *Vaughn* index of the materials withheld.  Pl.'s Mot. to Compel at 2.

In response to Plaintiff's Motion to Compel, Defendant filed an [145] Opposition on June 4, 2003, indicating that "[a]t this time, 126 Program Manager TAs have been released, 242 withheld, and 30 continue to be analyzed."  Def.'s Opp'n at 1.  Defendant indicated that it had mailed Plaintiff a *Vaughn* index concerning the 242[5] withheld Program Manager TAs on May 28,

_____

[5]  While the [142] Joint Status Report stated that 243 documents were under review, the Court assumes that this miscount was harmless, as some of the documents have been mislabeled or requested in duplicate.  *See infra* n.1.

2003.  *Id*.  Defendant further stated that despite Plaintiff's allegations to the contrary, it had acted

"[i]n compliance with the Court's orders and agreements made with plaintiff's counsel" by either

disclosing Program Manager TAs or providing Plaintiff with a list of all Program Manager TAs

and a *Vaughn* index for those withheld.  *Id*.  Defendant avers that it is not necessary for it to

itemize "each and every TA responsive to plaintiff's FOIA request that falls within other [non-

Program Manager TA] categories that this Court and/or the D.C. Circuit have ruled exempt from

disclosure."  *Id*. at 2.  Plaintiff filed its Reply on June 11, 2003, disputing Defendant's

characterization that it need only list withheld Program Manager TAs to comply with the Court's

[136] Order.

The Court's accompanying memorandum opinion to the [136] Order interpreted in

Plaintiff's Motion to Compel and Defendant's Opposition, stated that "the Court orders that

Defendant apply the Court's legal holdings articulated in the 2000 and 2001 Orders to all of the

TAs at issue (except where a claimed exemption was subsequently withdrawn for specific TAs),

and withhold and disclose them in a manner consistent with the Court's holdings.  Finally, in

complying with this Court's holdings, Defendant is further ordered to provide Plaintiff with a list

of all the TAs it continues to withhold, specifying for each the basis or bases for withholding, and

demonstrating its application of the Court's legal holdings in its Orders." [135] Mem. Op. at 10-

11 (internal footnotes omitted).  However, the scope of the Court's Order is not at issue as a

result of the subsequent history of the case.  In the Court's [141] Order dated November 21,

2002, the Court ordered that "the parties shall inform the Court of their intentions and the manner

in which they wish to proceed in this case."  In their Joint Status Report, the Parties pointed to

only two matters still at issue–two documents related to remand (that are not discussed in the

4

Motion to Compel) and "Program Manager TAs."  Furthermore, Plaintiff's [147] Consent

Motion for *In Camera* Inspection, filed *after* it filed its Motion to Compel, only places Program

Manager TAs at issue.  Finally, in Plaintiff's recently filed [151] Motion for Expedited Ruling,

Plaintiff describes "the records at issue in this case" as the TAs filed by the IRS for *in camera*

review by the Court.  *See* Pl.'s Mot. for Expedited Ruling at 1.  Accordingly, the Court finds that

the only issue remaining to be decided by the Court is whether the Program Manager TAs

submitted for *in camera* review have been rightfully withheld by Defendant pursuant to the

deliberative process privilege of Exemption 5, or in the alternative, should be released to

Plaintiff.

## II: LEGAL STANDARD

"The clear purpose of the FOIA is to assure that the public has access to all government

documents, subject to only nine specific limitations, to be narrowly interpreted, which Congress

decided were necessary to protect our national interests and permit the efficient operation of the

government."  *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 862 (D.C. Cir. 1980).

Exemption 5 of FOIA protects "inter-agency or intra-agency memorandums or letters which

would not be available by law to a party other than an agency in litigation with the agency."  5

U.S.C. § 552(b)(5).  Courts have "construed this exemption to encompass the protections

traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery

context," including "materials which would be protected under the attorney-client privilege, the

attorney work-product privilege, or the executive 'deliberative process privilege."  *Taxation With*

*Representation Fund v. IRS,* 646 F.2d 666, 676 (D.C. Cir.1981) ("*TWRF* ") (citations omitted).

*See also Tax Analysts*, 294 F.3d at 76.  Defendant is withholding the 34 Program Manager TAs at

issue pursuant to the deliberative process privilege.

The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and polices are formulated." *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132 150, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975). In contrast, final statements of agency policy or statements explaining actions already taken by an agency are not protected by the deliberative process privilege. *Tax Analysts*, 294 F.3d at 80. Three policy purposes constitute the basis for this privilege: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against premature disclosure of proposed policies before they are finally adopted; and (3) to protect against the public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. *See Coastal States,* 617 F.2d at 866.

"The deliberative process privilege protects agency documents that are both predecisional and deliberative." *Judicial Watch, Inc.*, *v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006). To invoke the privilege, the document must both be (1) predecisional in that it was "generated before the adoption of agency policy" and (2) deliberative in that it "reflects the give-and-take of the consultative process." *Coastal States,* 617 F.2d at 866; *see also Tax Analysts v. IRS,* 117 F.3d 607, 616 (D.C. Cir. 1997); *Judicial Watch, Inc., v. Dep't of Energy*, 412 F.3d 125, 129 (D.C. Cir. 2005). "In other words, it protects 'predecisional communications' reflecting an agency's internal deliberations, but not communications that explain a decision that has already been made.'" *Tax Analysts*, 294 F.3d at 80 (quoting *Sears*, 421 U.S. at 151-52, 95 S. Ct. 1504). "The exemption thus covers recommendations, draft documents, proposals, suggestions, and other

subjective documents which reflect the personal opinions of the writer rather than the policy of

the agency.  Documents which are protected by the privilege are those which would inaccurately

reflect or prematurely disclose the views of the agency, suggesting as agency position that which

is as yet only a personal position." *Coastal States*, 617 F.2d at 866.  However, "an agency will

not be permitted to develop a body of 'secret law,' used by it in the discharge of its regulatory

duties and in its dealings with the public, but hidden behind a veil of privilege, because it is not

designated as 'formal,' 'binding,' or 'final.'" *Id*. at 867.  Exemption 5 does not "protect

communications that implement an established policy of an agency."  *TWRF*, 646 F.2d at 677.

The Court also notes that "even if the document is predecisional at the time it is prepared, it can

lose that status if it is adopted, formally or informally, as the agency position on an issue or is

used by the agency in its dealings with the public." *Coast States Gas Corp.*, 617 F.2d at 867.

Finally, in determining whether a document represents "working law" of an agency

subject to disclosure, the Court considers "the function and significance of the document in the

agency's decisionmaking process," "the nature of the decisionmaking authority vested in the

office or person issuing the disputed document," and "the flow of documents" in determining

whether Exemption 5 properly applies.  *TWRF*, 646 F.2d at 678, 679, 681.  "Under the FOIA,

'working law' must be disclosed whether or not those who use the working law make the final

decisions about program implementation." *Tax Analysts*, 294 F.3d at 283.  The Court's prior

opinions discuss application of these factors to previously-considered Program Manager TAs in

detail and have been reprinted in part in Section III of this Opinion.  *See infra* pp. 8-10.

### III:  DISCUSSION

Although the purpose of FOIA is disclosure, documents may be properly withheld by

federal agencies if they meet the specifications of the statutory exemptions.  *See* 5 U.S.C. § 552

(a)(3) and (b).  Before the Court for *in camera* review are 34[6] Program Manager TAs over which

Defendant asserts the deliberative process privilege of Exemption 5.  Plaintiff disputes the

propriety of the exemption's applicability to these documents based on their descriptions in the

*Vaughn* index.  As the D.C. Circuit noted, "the distinction between deliberative TAs and TAs

that represent the [Office of Chief Counsel's] considered legal conclusions is not amenable to a

categorical formula." *Tax Analysts*, 294 F.3d at 82.  This Court's prior decision to release and

withhold Program Manager TAs under the deliberative process priviliege exemption was

explicitly affirmed by the D.C. Circuit, and as such the Court will apply consistent standards and

reasoning to the 34 documents currently before it.  *See Tax Analysts*, 294 F.3d at 80-82; [127]

Mem. Op. at 36-41.

More specifically, the Court's discussion of previously-considered Program Manager TAs

to be released to Plaintiff was set forth in its March 26, 2001 [127] Memorandum Opinion as

follows:

> The Court finds little reason to distinguish between FSAs in *Tax Analysts* and
> TAs to program managers related to a specific taxpayer and TAs to program managers
> that address the interpretation or application of the internal revenue laws generally. . . .
> Like FSAs, TAs contain the national office's answers to legal questions submitted by IRS
> personnel, specifically program managers.  Like FSAs, TAs to program managers consist
> of legal advice, including reviews of the proper interpretation of sources of tax law, such
> as, the I.R.C., regulations, revenue rulings, revenue procedures, court decisions and other
> legal authorities or precedents.  Moreover, even though they are open to revision prior to
> issuance, these TAs are treated as final documents once they leave the Office of Chief
> Counsel.  The Court fails to see how these TAs to program managers relating to specific
> taxpayer situations and TAs to program managers interpreting internal revenue laws are
> any different from FSAs that were at issue in *Tax Analysts.*  Furthermore, to establish that
> the TAs do not constitute the "working law" of the agency, IRS must present to the Court

_____

[6] Only 34 distinct documents have been submitted for *in camera* review.  *See supra* n.1.

(1) the "function and the significance of the [TAs] in the agency's decisionmaking process," (2) "the nature of the decisionmaking authority vested in the office or person issuing the disputed [TAs]," and (3) "the flow" of the TAs whether they are "from superiors to subordinates, or vice versa." *TWRF,* 646 at 678-81.  However, IRS has failed to do so.

[127] Mem. Op. at 36-38 (internal citations and footnotes omitted).  In contrast, the Court

ordered that Defendant could properly withhold five documents the Court determined to be

> part of a larger deliberative process reflecting a give-and-take discussion between the Office of Chief Counsel and IRS's program managers regarding proposed tax forms, possible administrative or legislative changes, and proposed amendments to the Internal Revenue Code.  TR-955-93 clearly contains predecisional, deliberative material, consisting of suggestions and recommendations of an attorney in the Office of Chief Counsel relating to proposed changes to an income tax form and its instructions.  The final decision to adopt or reject the proposed new tax form and its accompanying instructions had not been reached, and the TA is only a part of a larger debate surrounding the possible changes.  Similarly, TR-45-307-93 is a part of the larger deliberation of a proposed amendment to a section of the Internal Revenue Code, in which an attorney from the Office of Chief Counsel expresses his opinion as to the proposed change.  In addition, TR-45-2164-93 is also a document which is part of a larger deliberative process, recommending possible solutions to a noted problem with the collection and accounting of a particular type of tax.  In that document, the Office of Chief Counsel recommends one proposed method but also describes two alternative potential solutions, as opposed to stating a firm legal position on the matter.  Moreover, it is plain that the debate is ongoing between the Office of Chief Counsel and IRS as indicated by the fact that the TA reexamines a previous memoranda written by the Office of Chief Counsel on the same issue.  TR-45-1642-94 similarly reflects an ongoing, upward flow of discussion relating to a particular type of financial transaction.  This TA was sought by an IRS's program manager so that he may better prepare a reply to a congressional inquiry.  Therefore, TR-45-1642-94, containing the Office of Chief Counsel's recommendations regarding the position the program manager should take with respect to this matter, is predecisional and deliberative; until the program manager actually decides on what position to take and writes his reply to Congress, the deliberative process is still ongoing.  Finally, TR-45-1796-93 is also a predecisional, deliberative document.  Although it addresses IRS's authority to verify the Employer Identification Numbers (EINs) for a specific class of taxpayers, it is clear that the TA is not the final position or the considered view of the Office of Chief Counsel regarding this issue, but only a preliminary statement to be further reviewed by another component office of the Office of Chief Counsel.

[127] Mem. Op. at 39-41 (internal citations omitted).

On appeal, Defendant challenged the Court's Order with respect to three of five Program Manager TAs the Court had ordered that Defendant must release to Plaintiff.  The United States Court of Appeals for the District of Columbia affirmed this Court's decision with respect to these documents, holding "that the District Court correctly distinguished between TAs that are part of an internal give-and-take discussion and TAs that reflect OCC's considered legal conclusions." *Tax Analysts*, 294 F.3d at 73.  The D.C. Circuit further commented on the distinction between the language and tone of the TAs ordered disclosed by the instant Court–which included language such as "It is the position of the Treasury Department that . . ." and "We conclude"–and the language and tone of the TAs held to be rightfully withheld pursuant to the deliberative process privilege, which "repeatedly prefac[ed] comments with such phrases as 'We believe' and 'We suggest' and advis[ed] the recipient that the form 'should' reflect a certain principle."  *Id.* at 81. Furthermore, the D.C. Circuit clarified that "[i]t is not necessary that the TAs reflect the final *programmatic* decisions of the program officers who request them.  It is enough that they represent OCC's final *legal* position concerning the Internal Revenue Code, tax exemptions, and proper procedures.  We reach this conclusion in reliance on the fact that the disputed TAs travel horizontally, from the OCC to program officers."  *Id.*

    A.    *Documents Properly Withheld*

Defendant submitted the following documents to the Court for *in camera* review:  [1][7]

---

[7]  The Court has added a number in brackets before each document number at issue–said number corresponds with the order of the documents as listed in Plaintiff's Motion for In Camera Review and Defendant's corresponding production of said documents to the Court.

TR-45-1727-93; [2] TR 45-62-93; [3] TR-45-2164-93; [4] TR-45-307-93; [5] TR-45-734-94;[8]

[6] TR-45-959-94; [7] TR-45-1795-94; [8] TR-45-1482-93; [9] TR-45-1642-94; [10] TR-45-

1574-94; [11] TR-45-211-93; [12] TR-45-2312-93; [13] TR-45-837-94;[9] [14] TR-45-365-94;

[15] TR-45-1601-94; [16] TR-45-465-94; [17] TR-45-1280-94; [18] TR-45-2680-93; [19] TR-

45-2069-94; [20] TR-45-330-93; [21] TR-45-2327-93; [22] TR-45-1143-93; [23] TR-45-1157-

94; [24, 27] TR-45-1628-94; [25] TR-45-1581-93; [26] TR-45-2517-93; [28] TR-45-2297-94;

[29] TR-45-2298-94; [30] TR-45-1967-93; [31] TR-45-651-93; [32] TR-45-652-93; [33] TR-45-

2275-93; [34] TR-45-48-94; and [35] TR-45-2059-93.

Before discussing the 34 documents currently at issue, the Court considers it appropriate

to point out that it has previously been disappointed by Defendant's "recycl[ing] the same

justification for withholding all of the various TAs without regard to the differences among

them," [127] Mem. Op. at 34, and that it expressly ordered Defendant to "demonstrat[e] its

application of the Court's legal holdings" to documents withheld.  [135] Mem. Op. at 11.  In

spite of this, Defendant, who has made some attempt to characterize the content of each

document in its *Vaughn* index, does not tailor its analysis, nor does it cite to any of this Court's

orders or opinions.

Also, the Court notes that the following documents were already considered by the Court

and ordered appropriately withheld by the IRS: [3] TR-45-2164-93; [4] TR-45-307-93; and [9]

TR-45-1642-94.  *See* [127] Mem. Op. at 39-40.  *See also Tax Analysts*, 294 F.3d at 81.  As the

---

[8] Defendant, in its *in camera* submission, clarifies that TR-45-734-94 was incorrectly identified in the *Vaughn* index as TR-45-1198-94.

[9] Defendant further clarifies in its *in camera* submission that TR-45-837-94 was incorrectly identified in the *Vaughn* index as TR-45-349-94.

Court previously determined that these documents were appropriately withheld pursuant to the deliberative process privilege, and this decision was not appealed, the Court stands by its prior ruling.

TAs "regarding proposed tax forms [or instructions], possible administrative or legislative changes, and proposed amendments to the Internal Revenue Code" are appropriately withheld pursuant to the deliberative process privilege of Exemption 5. [127] Mem. Op. at 39. TAs that discuss concerns with the "wisdom or merit" of a particular policy or comments or suggestions to proposed or existing policy or procedure fall within the deliberative process exemption. *See Tax* Analysts, 294 F.3d at 81; Coastal *States*, 617 F.2d at 869. Documents discussing concerns with respect to a particular policy are unsuitable for public release, as "their disclosure would mislead the public." *Coastal States*, 617 F.2d at 869. Documents may be withheld if they consist of suggestions or recommendations on current or proposed legislation or procedure. *See also Judicial Watch*, 449 F.3d at 152 ("Certainly, the label 'draft' goes to the merits of Exemption 5's predecisional and deliberative elements . . . ."). Finally, TAs that reflect ongoing debate between the Office of Chief Counsel and the IRS or do not reflect the final position of the Office of Chief Counsel are appropriately withheld. *See* [127] Mem. Op. at 40.

The Court considers the following to be predecisional, deliberative documents, appropriately withheld by Defendant: [2] TR-45[10]-62-93 (comments on a "first proof" of a proposed tax form); [5] TR-45-734-94 (recommendations on a proposed resolution of issues in particular cases, including "suggest[ions]" to "consider the following recommendations" and the

_____

[10]   The Court assumes that Plaintiff's listing of this document in its Consent Motion for *In Camera* Inspection as "TR-46-62-93" was in error. *See* Pl.'s Mot. for *In Camera* Review at 3.

caveat that the Office of the Assistant Chief Counsel Passthroughs & Special Industries be given the opportunity to study application of the proposal in other cases); [8] TR-45-1482-93 (discussing possible discrepancy between an I.R.C. Chapter and current practice as well as a proposed change in legislation); [11] TR-45-211-93 (summary and ongoing discussion/disagreement regarding effect of revenue rules on an existing document); [12] TR-45-2312-93 ("Views with respect to proposed revenue procedure." *Vaughn* index ("V.I.") at 196);[11] [13] TR-45-837-94 (inconclusive interpretation of a section of the I.R.C. with expressed intent to continue addressing the issue); [15] TR-45-1601-94 ("Views and opinions with respect to the potential modification of a revenue ruling." V.I. at 211); [17] TR-45-1280-94 (comments on the potential publication of a proposed revenue procedure); [20] TR-45-330-93 (response to a request for opinion on the effect of a new legal amendment on the current procedure with respect to the operation of an existing program); [21] TR-45-2327-93 (comments on working proposals to modify regulations); [22] TR-45-1143-93 (discussing proposed recommendations to modify a revenue procedure); [23] TR-45-1157-94 (memorandum discussing form and its instructions as incorrect); [24, 27] TR-45-1628-94 (suggested changes and comments to a proposed revenue procedure); [25] TR-45-1581-93 ("Suggested revisions to a draft of a revenue procedure." V.I. at 684); [26] TR-45-2517-93 ("suggested changes and comments" on a proposed revenue procedure); [28] TR-45-2297-94 (suggested revisions to a draft revenue procedure, using phrases such as "we suggest" and "please consider"); [29] TR-45-2298-94 (same); [30] TR-45-1967-93 (suggested changes and comments to a proposed revenue procedure); [31] TR-45-651-93

---

[11]   While the Court cites to the *Vaughn* index description of a document where if finds said description to be adequate for the proposes of the instant Opinion, it has reviewed all of the documents at issue *in camera*.

("Suggested revisions to a draft of proposed examination guidelines." V.I. at 708); [32] TR-45-652-93 (same); [33] TR-45-2275-93 ("Suggested revisions to a draft of a proposed IRS handbook." V.I. at 717); [34] TR-45-48-94 (same, with request to review handbook again prior to publication); and [35] TR-45-2059-93 ("Comments indicating suggested revisions to a draft of a proposed IRS handbook." V.I. at 723).

        B.     *Documents to be Released to Plaintiff*

As iterated above, "TAs to program managers relating to specific taxpayer situations and TAs to program managers interpreting internal revenue laws" do not fall within the deliberative process exemption.  [127] Mem. Op. at 37.  Defendant must release documents to Plaintiff which are "legal interpretations of . . . the Internal Revenue Code" with respect to particular issues or provide the Office of Chief Counsel's  "legal conclusions . . . regarding the tax laws."  [127] Mem. Op. at 38.  The D.C. Circuit agreed that these types of documents "'simply explain and apply established policy.'"  *Tax Analysts*, 294 F.3d at 81 (quoting *Coastal States*, 617 F.2d at 869).

The Court finds that the following documents do not fall within the scope of FOIA Exemption 5 pursuant to the deliberative process privilege, and as such should be released to Plaintiff:  [1] TR-45-1727-93 (redacting the last two paragraphs of page 2) (interprets sections of the I.R.C. in answering a legal question posed); [6] TR-45-959-94 (provides legal interpretation, analysis, and conclusions ("we conclude") interpreting the law with respect to reporting requirements); [7] TR-45-1795-94 (provides answers to specific legal questions requiring interpretation of the I.R.C. about when certain forms should be issued); [10] TR-45-1574-94 (redacting the final paragraph of page 2 due to discussion of potential proposed regulations)

(interprets the I.R.C. to provide a legal answer to a question regarding tax withholding); [14] TR-45-365-94 (despite *Vaughn* index description as providing "[v]iews and opinions with respect to proposed instructions to be issued to Service employees," V.I. at 208, actually provides definitive response regarding legality of a particular office practice under the I.R.C.); [16] TR-45-465-94 (redacting the last paragraph and its header on page 1, redacting the last three paragraphs of page 4, and redacting the last paragraph of page 5) (despite *Vaughn* index description as providing "[v]iews and opinions regarding the legality of a Service practice," V.I. at 216, in actuality, this is a comprehensive legal memorandum regarding the "legality" of a particular action "relating to [a] specific taxpayer situatio[n]," see [127] Mem. Op. at 37); [18] TR-45-2680-93 (redacting page 1 in full, redacting page 2 up until the "Law & Discussion" section, releasing the remainder of page 2, releasing pages 3 and 4 in full, releasing the first three lines of page 5, and redacting the remainder of page 5 and page 6) (while this document contains "[v]iews and opinions with respect to the potential revisions to an established Service procedure." V.I. at 225, substantial sections of legal interpretation of the I.R.C., case law, and regulations warrant release); and [19] TR-45-2069-94 (releasing the last paragraph of page 1 (beginning with "BACKGROUND"), releasing page 2 in full, releasing the first two paragraphs of page 3, redacting the remainder of the memorandum, and releasing the attachments to the memorandum) (while this document contains discussion, comments, and suggestions with respect to use of a proposed document after "cursory review" of said document, a significant section including interpretation of the I.R.C., case law, and revenue procedures warrants release).

**IV:  CONCLUSION**

After a careful consideration of the relevant law and the documents at issue, the Court shall GRANT IN PART and DENY IN PART Plaintiff's [144] Motion to Compel Defendant Internal Revenue Service ("IRS") to Complete Outstanding Obligations in this Case.  The following documents may be properly withheld by Defendant:  [2] TR 45-62-93; [3] TR-45-2164-93; [4] TR-45-307-93; [5] TR-45-734-94; [8] TR-45-1482-93; [9] TR-45-1642-94; [11] TR-45-211-93; [12] TR-45-2312-93; [13] TR-45-837-94; [15] TR-45-1601-94; [17] TR-45-1280-94; [20] TR-45-330-93; [21] TR-45-2327-93; [22] TR-45-1143-93; [23] TR-45-1157-94; [24, 27] TR-45-1628-94; [25] TR-45-1581-93; [26] TR-45-2517-93; [28] TR-45-2297-94; [29] TR-45-2298-94; [30] TR-45-1967-93; [31] TR-45-651-93; [32] TR-45-652-93; [33] TR-45-2275-93; [34] TR-45-48-94; and [35] TR-45-2059-93.  Defendant must release the following documents to Plaintiff by February 23, 2007:  [1] TR-45-1727-93 (redacting the last two paragraphs of page 2); [6] TR-45-959-94; [7] TR-45-1795-94; [10] TR-45-1574-94 (redacting the final paragraph on page 2); [14] TR-45-365-94; [16] TR-45-465-94 (redacting the last paragraph and its header on page 1, redacting the last three paragraphs of page 4, and redacting the last paragraph of page 5); [18] TR-45-2680-93 (redacting page 1 in full, redacting page 2 up until the "Law & Discussion" section, releasing the remainder of page 2, releasing pages 3 and 4 in full, releasing the first three lines of page 5, and redacting the remainder of page 5 and page 6); and [19] TR-45-2069-94 (releasing the last paragraph of page 1 (beginning with "BACKGROUND"), releasing page 2 in full, releasing the first two paragraphs of page 3,

redacting the remainder of the memorandum, and releasing the attachments to the memorandum).

An Order accompanies this Memorandum Opinion.


Date:   February 7, 2007

                                        _/s/_____
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge